UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LOYA INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | )   Case No.: 2:19-cv-01976-GMN-VCF |
| vs. | ) |
| | )   **ORDER** |
| JORGE ANTONIO CHAVEZ VUELVAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Pending before the Court is Plaintiff Loya Insurance Company's ("Loya's") Motion for Default Judgment, (ECF No. 17), against Defendants Jorge Antonio Chavez Vuelvas ("Vuelvas") and Alfredo Perez-Mata ("Perez-Mata") (collectively, "Defendants"). Neither Defendant filed a response. For the reasons discussed below, the Court **GRANTS** Loya's Motion for Default Judgment.

**I.     BACKGROUND**

This case arises out of the automobile insurance policy ("the Policy") Defendants held with Loya and Defendants' alleged breach of the duty of cooperation required by the Policy. (*See generally* Compl., ECF No. 1). Loya issued the Policy to Defendants for Perez-Mata's 2001 Ford Focus, providing coverage up to $15,000 per person and $30,000 per accident. (Compl. ¶¶ 10–11, ECF No. 1). The Policy requires Defendants to promptly notify Loya following an automobile accident and to cooperate with Loya "in the investigation, settlement or defense of any claim or suit." (*Id.* ¶ 30); (Insurance Policy at 22, Ex. 1 to Compl., ECF No. 1). Further, the Policy states that "no legal action may be brought against [Loya] until there has been full compliance with all the terms and conditions of this policy." (Compl. ¶ 30); (Insurance Policy at 22–23, Ex. 1 to Compl.).

On December 8, 2014, Jess Lopez ("Lopez"),[1] who was driving Perez-Mata's Ford Focus without permission, became involved in a car accident ("the accident") with Debra Siegfried's vehicle. (Compl. ¶¶ 12–14); (Accident Report, Ex. 1-B to Mot. Default J., ECF No. 17-1). On August 7, 2015, Debra Siegfried filed a Complaint against Lopez in Clark County District Court, amending it in October 2015 to include Perez-Mata. (Compl. ¶¶ 23, 26); (Siegfried Lawsuit, Ex. 3 to Mot. Default J., ECF No. 17-3). Loya contends that Defendants never notified Loya about the accident or the Siegfried lawsuit and failed to respond to Loya's attempts to contact them. (Compl. ¶¶ 15–22, 25–28). A private investigator hired by Loya reported that Perez-Mata said "that he would not assist in the claims or any lawsuits." (Compl. ¶ 20); (Aff. Christopher Scott Bennett ¶ 15, Ex. 1 to Mot. Default J., ECF No. 17-1).

## II. LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true.

In determining whether to grant default judgment, courts are guided by the following seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

---

[1] Jess Lopez was also a Defendant in this case. However, Loya voluntarily dismissed him when the clerk entered a Notice, (ECF No. 15), of intent to dismiss Jess Lopez pursuant to FRCP 4(m) for no proper proof of service. (*See* Notice of Voluntary Dismissal, ECF No. 16).

### III.  **DISCUSSION**

Loya moves for default judgment against Defendants, seeking a declaration that Defendants breached the duty of cooperation in their insurance policy with Loya and that this lack of cooperation "vitiates any further duty of coverage, either defense or indemnity, that Loya might have owed" as a result of the accident. (*See* Mot. Default J. 10:2–11:2, ECF No. 17).  Loya has initiated the two-step process for default judgment required under Rule 55 by moving for a clerk's entry of default against the parties, (*see* ECF No. 12), which the Clerk subsequently entered, (*see* ECF No. 14).  In accordance with Rule 55(b), Loya brings the present Motion.

Upon reviewing the documents and pleadings on file in this matter, the Court finds that the *Eitel* factors support entry of default judgment in favor of Loya and against Defendants.  The first *Eitel* factor weighs in favor of default judgment.  A defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies the first factor. *See, e.g.*, *Nationstar Mortg. LLC v. Operture, Inc.*, No. 2:17-cv-03056-GMN-PAL, 2019 U.S. Dist. LEXIS 33632, 2019 WL 1027990, at *2 (D. Nev. Mar. 4, 2019); *ME2 Prods. v. Sanchez*, 2:17-CV-667-JCM-NJK, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *1; *see also PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").

Regarding the second and third *Eitel* factors, the Court finds Loya's claim for declaratory relief is sufficiently pleaded and meritorious as to Defendants.  When the duty to cooperate is an unambiguous condition of coverage under an insurance policy, breaching that duty prevents the insured from bringing a claim against the insurance company. *See Valentine v. State Farm Mut. Auto. Ins. Co.*, 105 F. Supp. 3d 1176, 1183 (D. Nev. 2015); *Holland v. State Farm Mut. Ins. Co.*, No. 2:12-cv-01058-LDG-GWF, 2012 WL 1268712, at *5 ("[t]he fact that

[plaintiff] initiated this lawsuit against [the insurance company] before complying with the cooperation provisions bars this lawsuit").

Here, Loya alleges that Defendants failed to notify Loya about the accident, failed to respond to Loya's numerous attempts to contact them, and failed to notify Loya about the Siegfried lawsuit, disregarding the Policy's terms. (Compl. ¶ 32); (Insurance Policy at 22–23, Ex. 1 to Compl.). Additionally, Perez-Mata explicitly stated that he would not assist Loya with any claims or lawsuits, in further defiance of the Policy. (Compl. ¶¶ 20–21, 30); (Insurance Policy at 22, Ex. 1 to Compl.). Accordingly, Loya has shown that it would likely prevail on any insurance claim from Defendants arising out of the accident.

Regarding the fourth factor, the Court finds that the factor supports a declaration that the Defendants breached their duty of cooperation, and Loya is relieved from any contractual obligations relating to the accident, as the request does not seek money damages.

The fifth *Eitel* factor, which concerns the possibility of a dispute regarding material facts, favors Loya. Courts have recognized that, "[o]nce the clerk enters a default, the well-pleaded factual allegations of the [moving party's] complaint are taken as true, except for those allegations relating to damages." *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *2 (quoting *O'Brien v. United States*, No. 2:07-cv-00986-GMN-GWF, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *4 (D. Nev. Sept. 9, 2010)). Taking the allegations in the Complaint as true, Defendants breached their duty of cooperation, and Loya is free from any contractual obligations it may have had under the policy, including providing liability coverage for the accident. (Compl. ¶¶ 30–35).

With respect to the sixth *Eitel* factor, the Court finds that Defendants' failure to appear was not the result of excusable neglect. Both Perez-Mata and Vuelvas were served on November 26, 2019, and their answers were due on December 17, 2019. (*See* Summonses Returned Executed, ECF Nos. 8–9). The Clerk of Court entered default against them on

January 13, 2020, (ECF No. 14), and Loya then filed its present Motion for Default Judgment, (ECF No. 17), on May 8, 2020. The defaulting Defendants' failure to appear or otherwise file anything with respect to this action during the time-period counsels against finding excusable neglect. *ME2 Prods.*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *3; *O'Brien*, 2010 U.S. Dist. LEXIS 101941, 2010 WL 3636171, at *6.

The seventh and final *Eitel* factor concerns public policy considerations. While public policy generally favors disposition on the merits, the Court concludes that default judgment is appropriate in light of the other *Eitel* factors. Thus, the Court grants Loya default judgment on its claim for a declaration that Defendants breached their duty of cooperation, vitiating any further duty of coverage that Loya might have owed pertaining to the accident.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Loya's Motion for Default Judgment, (ECF No. 17), is **GRANTED**.

**DATED** this __7__ day of December, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court